[Cite as *State v. Thomas*, 2015-Ohio-187.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140265 |
| | | TRIAL NO. 14CRB-6304 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| SHAQUIL THOMAS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From is:  Reversed and Defendant Discharged

Date of Judgment Entry on Appeal:  January 23, 2015

*Paula Boggs Muething*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Marva K. Benjamin*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Marguerite Slagle*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}   Shaquil Thomas appeals his conviction for escape in violation of R.C. 2921.34(A)(1).  Because the state failed to prove that Thomas was "under detention," an essential element of the offense, we reverse the conviction and discharge Thomas from further prosecution.

## Background Facts

{¶2}   Thomas was charged with escape in violation of R.C. 2921.34(A)(1) when he tried to leave without permission the Bridge at Talbert House, a facility that primarily serves children under the age of 18 with mental-health and severe behavioral issues.

{¶3}   At the bench trial, the state presented testimony from Al Caldwell, the operational police supervisor for the facility.  Caldwell stated that Thomas, now over the age of 18, had been brought to the facility as a juvenile to address his mental-health issues as "court ordered by Job and Family Services," referring to the Hamilton County Department of Job and Family Services ("JFS").  On March 15, 2014, according to Caldwell, Thomas had attempted to escape from the locked facility.  But Caldwell could not remember when Thomas had arrived, and he did not present any "court order" authorizing the detention.

{¶4}   Thomas testified that before his arrival at the facility he had been living with his mother, who had custody of him.  When he was banned from his mother's apartment complex, he was taken to the facility by employees of JFS.  He further testified that he did not know why he was residing in the facility and that he was not handcuffed when the JFS workers walked him into the facility.  Thomas

2

acknowledged that he had tried to leave the locked facility, but he claimed that he did not know that he was not allowed to leave without permission.

{¶5}    In contesting the sufficiency of the state's evidence, Thomas argued, in part, that the state failed to establish that he was "under detention," a necessary element of the offense. The trial court disagreed and convicted Thomas of escape, in violation of R.C. 2921.34(A)(1).

### *Analysis*

{¶6}    In his sole assignment of error, Thomas argues that his conviction for escape was not supported by sufficient evidence.  In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶7}    The escape statute, R.C. 2921.34, provides in relevant part that "[n]o person, knowing the person is under detention, * * * or being reckless in that regard, shall purposely break or attempt to break the detention * * *."  Thomas argues that the evidence was insufficient to prove that he was detained, or alternatively, that he had knowledge of the detention or was reckless in that regard.  We hold that the state failed to prove that Thomas was detained, and sustain his assignment of error on that basis.

{¶8}    "Detention" as used in the escape statute means (1) "arrest"; (2) "*confinement in any public or private facility for custody of persons charged with or convicted of [a] crime * * * or alleged or found to be a delinquent or unruly child*

3

*\* \* \**"; (3) "*hospitalization, institutionalization, or confinement in any public or private facility that is ordered pursuant to or under the authority of section 2945.37, 2945.371, 2945.38, 2945.39, 2945.40, 2945.401, or 2945.402 of the Revised Code*"; (4) "confinement in any vehicle for the transportation to or from any facility of any of those natures"; (5) "detention for extradition or deportation"; (6) "except as provided in [R.C. 2921.01(E)], supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside of the facility; supervision by an employee of the department of rehabilitation and correction of person on any type of release from a state correctional institution; or confinement in any vehicle, airplane, or place while being returned from outside of this state into this state by a private person or entity pursuant to a contract entered into under division (E) of section 311.29 of the Revised Code or division (B) of section 5149.03 of the Revised Code"; and (7) "[f]or a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised Code, 'detention' includes time spent at an assigned work site and going to and from the work site." (Emphasis added.) R.C. 2921.01(E).

{¶9} The state suggested below that it had presented sufficient evidence that Thomas was confined as an alleged or adjudicated unruly or delinquent child, in accordance with the second statutory definition of detention. But the record does not support this claim. At best, the evidence demonstrated that JFS had custody of Thomas and placed him in the facility to address his mental-health issues. And the state has cited no authority that a JFS placement for mental-health treatment is equivalent to a detention due to an allegation or adjudication of delinquency or unruliness.

**{¶10}** The state now argues that it established the element of detention by demonstrating that Thomas was "ordered" to the facility "by the court" for a "competency evaluation," for a "mental health evaluation," or for "[mental health] treatment." The state is apparently relying on the third statutory definition of detention, which generally refers to "hospitalization, institutionalization, or confinement" in a facility that is ordered by the court in a criminal action pursuant to certain statutes upon a claim of incompetency to stand trial or a plea of insanity.

**{¶11}** But there was no evidence that Thomas was court ordered to the facility pursuant to or under the authority of the specific statutory sections referenced in that definition of detention. Based on the plain language of the statute, the state's argument fails.

### *Conclusion*

**{¶12}** Accordingly, we hold that the trial court erred in finding Thomas guilty of escape, because the state failed to establish that Thomas was detained as defined in R.C. 2921.01(E), a necessary element of the offense. The evidence demonstrated only that the defendant had been placed in the facility as a juvenile by JFS to address his mental-health issues, and not, as the state argues, that he had been confined as an alleged or adjudicated unruly or delinquent child, or that he had been ordered to the facility by the court in a criminal action for issues related to a claim of incompetency to stand trial or a plea of insanity. The judgment of the trial court is reversed and Thomas is discharged from further prosecution.

Judgment reversed and defendant discharged.

**HENDON** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.